UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DUGAS,<br><br>                    Plaintiff,<br><br>-against-<br><br>STATE OF NEW YORK; CITY OF NEW YORK; DEPARTMENTS OF GOVERNMENT; DEPARTMENT OF HUMAN AND HEALTH SERVICES<br><br>                    Defendants. | 1:24-CV-8733 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff John Dugas, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction. He seems to assert claims of violations of federal constitutional rights. Plaintiff sues: (1) the State of New York; (2) the City of New York; (3) the "Departments of Government"; and (4) the "Department of Human and Health Services." He may also be suing: (1) the United States of America; (2) the United States District Court for the Southern District of New York; (3) the United States Court of Appeals for the Federal Circuit; (4) the United States Court of Federal Claims; (5) unidentified "Third Parties"; (6) unidentified "Individual Wrong Doers of Fiduciary and Private Business Agency"; and (7) unidentified "Defendant(s) to be added with addition of court proceedings and cases with various jurisdiction requirements."

      Plaintiff seeks the following relief: "$27 Trillion in escrow to the United States of America with [P]laintiff having no exclusive claim to any award. All relief awards will be disbursed to All Citizens and Residents of the United States of America in Equal Amount of Conveyance." (ECF 1, at 54.) In addition, Plaintiff seeks "real property, government funds transferred to escrow, entities eliminated and seized for all monetary forfeiture, individual

ownership of property—heirs and inheritance included with effective date of the United States of America with a date of November 15, 1777." (*Id.*)

By Order dated November 25, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).

---

[1] The Court notes that, by Order dated September 12, 2025, the Court denied Plaintiff's motion for permission for electronic case filing without prejudice to his filing another such motion after he has completed this Court's CM/ECF introduction course. (ECF 7.)

## BACKGROUND

Plaintiff's claims, though difficult to understand, appear to involve the real property located at 400 East 30th Street, in New York, New York. Plaintiff "hereby issues [a] relief order for conveyance of property, real property, land, government programs, neighboring parcels in the entirety, and monetary accounts both of private and government entities transferred in lieu of litigation to The United States [o]f America in escrow account." (ECF 1, at 50.) He states that the property lot number corresponding to that address, Block 962 Lot: 97:

> was not conveyed properly in the deed or chain of title conveyance and has not existed for years according to written government records.
>
> Lot 97 does not exist yet continues to conduct business.
>
> Continues to exist to entirety with multiple warranties of government, private, and other business interactions in the multitude of at least $1 Trillion loan instrument.
>
> Along with not being conveyed properly, the entire Block: 962 is in major violation and criminal activity due to provable actions with written records of government recording.

(*Id.*)

Plaintiff alleges that the abovementioned real property "is currently involved and conducting business with the following entities": the United States Department of Health and Human Services, the "Department of Health [a]nd New York Hospitals," "Care Found Here On-site medical facility for homeless individuals," the New York City Department of Social Services, "Caseworkers and social workers for homeless intake and assessment," the New York City Human Resources Administration, the United States Department of Housing and Urban Development, "Cares [o]f NY, Inc." and the United States Department of Agriculture. (*Id.* at 51.) He also alleges that the real property is "[u]sing SNAP Funds for homeless meals with catering company with three meals a day." (*Id.*)

> In asserting these claims, Plaintiff requests:
>
> Trial By Jury and $27 Trillion in escrow to The United States [o]f America With All Citizens and Residents as Tenants In The Entirety.
>
> Plaintiff also seeks relief in the form of all individual wrongdoers of both fiduciary and private agency to be criminally prosecuted and judgement with due process.
>
> As litigation continues and new court filings are actioned, . . . relief sought will adjust accordingly to eliminate individual wrongdoers with visc[i]ous efficiency of The United States [o]f America judicial system.

(*Id.*)

## DISCUSSION

### A.     Claims of criminal violations

To the extent that Plaintiff seeks the federal criminal prosecution of anyone, the Court must dismiss such claims for relief. Plaintiff cannot initiate a criminal prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the federal criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the federal criminal prosecution of anyone, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

### B. Standing

The Court also dismisses Plaintiff's civil claims for relief for lack of standing. Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon*, 683 F.3d at 62 (2d Cir. 2012) (citation and internal quotation marks omitted). "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997).

To demonstrate standing, a plaintiff must show that: (1) he has personally suffered some actual or threatened injury as a result of the defendant's alleged illegal conduct; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). The burden of establishing standing to sue rests with the party bringing the action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Moreover:

> a generalized grievance, no matter how sincere, is insufficient to confer standing. A litigant raising only a generally available grievance . . . and seeking relief that no more directly and tangibly benefits him than it does the public at large . . . does not state an Article III case or controversy.

*Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (internal quotation marks and citation omitted).

Here, Plaintiff seems to object to the conveyance of real property in which he does not allege he has ever possessed a legal interest and to the activities that have taken place on that real property. These positions, however, are not legal claims because they lack factual support demonstrating that at least one of the named defendants caused Plaintiff—as opposed to society in general—to suffer an actual injury that is redressable by a federal court. Plaintiff therefore lacks standing to bring his claims for civil relief, and consequently, the Court dismisses them for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Mahon*, 683 F.3d at 62.

**C.    Plaintiff's claims are also frivolous**

The Court additionally dismisses Plaintiff's claims for civil relief as frivolous. Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). "[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). *Livingston*, 141 F.3d at 437.

Plaintiff's claims for civil relief are based on an indisputably meritless legal theory—objections to the conveyance of real property in which he does not allege he has ever possessed a legal interest and to the activities that have taken place on that real property. The Court therefore also dismisses Plaintiff's claims for civil relief as frivolous. *See* § 1915(e)(2)(B)(i).

**D.    Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (district court did not err in dismissing claim with prejudice in absence of any indication that the plaintiff could or would provide additional allegations leading to a different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this Order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court enter a Civil Judgment dismissing this action for the reasons set forth in this Order.

SO ORDERED.

Dated:   November 24, 2025
           New York, New York

                                            /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge